IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BLUEBONNET, TELECOMMUNICATIONS, L.L.C. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 2:13-cv-504-JRG<br>)<br>) **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, INC. and<br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC.'S AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S MOTION TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT CLAIMS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung") move to dismiss Plaintiff Bluebonnet Telecommunications, LLC's ("Bluebonnet's") claims of inducement of infringement, contributory infringement, and willful infringement. *See* First Amended Complaint for Patent Infringement ("FAC"), D.E. No. 10 at ¶¶ 21 - 26. Because these claims are wholly unsupported by factual allegations, and thus fail to meet the pleading requirements of Fed. R. Civ. P. 8, Samsung respectfully requests that this Court dismiss Bluebonnet's claims and strike Paragraphs 21 – 26 of the Complaint.

### I.  FACTUAL BACKGROUND

Bluebonnet's FAC alleges that Samsung infringes U.S. Patent No 5,485,511 ("the '511 Patent"), U.S. Patent No. 6,560,274 ("the '274 Patent"), and U.S. Patent No. 6,400,814 ("the '814 Patent"). *See* D.E. No. 10 at 12, 16, and 20. Bluebonnet's allegation of indirect

1

infringement of the asserted patents states:

> Samsung EA and STA have and are indirectly infringing the 511, 274, and 814 patents, both as an inducer of infringement and as a contributory infringer.

D.E. No. 10 at ¶ 21. Bluebonnet additionally states:

> The direct infringement underlying Samsung EA and STA's indirect infringement consists of the use of the accused smartphones by end-user customers.

*Id.* at ¶ 22. Bluebonnet includes a paragraph regarding inducing infringement that includes a mention of "providing instructions to customers" and "touting the accused features":

> Samsung EA and STA induce end-user customers to use the accused smartphones, and specifically to use them in a manner that infringes the 511, 274, and 814 patents. They do so by (1) providing instructions to their customers that explain how to use the features of the accused devices that are accused of infringement (specifically those features that allow a user to determine whether certain telephony features (*e.g.*, call forwarding and call barring) are activated, the airplane mode feature, and the ringer silencer screening feature); and (2) by touting the accused features of the smartphones.

*Id.* at ¶ 23.

> Similarly, Bluebonnet's contributory infringement allegations state:
>
> Samsung EA and STA have contributed to the infringement of the 511, 274, and 814 patents by end-user customer by making and selling the accused smartphones. The accused features of the accused smartphones have no substantial use other than infringing the 511, 274, and 814 patents. In particular, the accused features that allow a user to determine whether certain telephony features (*e.g.*, call forwarding and call barring) are activated, the airplane mode feature, and the feature that allows a user to silence a call without interrupting the on-hook state have no practical use other than uses that infringe the 511, 274, and 814 patents, respectively. The use of these features of the accused smartphones for their intended purpose necessarily results in infringement of the 511, 274, and 814 patents.

*Id.* at ¶ 24.

Bluebonnet alleges the following concerning Samsung's knowledge of the asserted patents:

> Samsung EA and STA have or will have knowledge of the 511, 274, and 814

> patents, as well as the fact that their customers' use of their smartphones infringes the 511, 274, and 814 patents, since at least as early as the filing of this lawsuit. Additionally, when they launched their smartphones, Samsung EA and STA took inadequate steps to determine whether they would be infringing the intellectual property rights of others, such as Bluebonnet, and thus were willfully blind to the existence of the 511, 274, and 814 patents. Samsung EA and STA thus induce/induced and contribute/contributed to acts of direct infringement with the specific intent that others would infringe the 511, 274, and 814 patents.

*Id*. at ¶ 25.

With respect to its allegation of willful infringement, Bluebonnet states only the following:

> For the same reasons, Samsung EA and STA's infringement has been or will be willful.

*Id*. at ¶ 26.

In short, and as discussed further below, Bluebonnet has done nothing more than make generic allegations that Samsung provides instructions concerning the accused features of the accused products and touts those features. Allegations concerning "instructions" do not create a reasonable inference of inducement. *See U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366-MHS-JDL, Docket No. 69 at p. 6 (E.D. Tex. February 7, 2013) (dismissing an inducement claim premised on instructions). Similarly, a claim for contributory infringement premised on instructions is also insufficient, and the instructions actually create the inference that the accused device — smartphones in this lawsuit — might be used in a noninfringing manner, negating a cause of action for contributory infringement. *Id*. at p. 7. Further, conclusory allegations concerning the elements of a willful infringement claim are not sufficient. *Id*. at 8; *see also Touchscreen Gestures LLC v. RIM Ltd.*, No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *5 (E.D. Tex. Mar. 27, 2013).

## II. LEGAL STANDARD

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when a plaintiff fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), which requires that every pleading for a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). Claims for indirect infringement are required to meet the higher pleading threshold governed by the Supreme Court's holdings in *Twombly* and *Iqbal*. *In re Bill of Lading Transmission and Processing System Patent Lit.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012), *citing Bell Atlantic Corp., v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

*Twombly* and *Iqbal* set out a two-step analysis for determining whether a pleading is sufficient. *See Iqbal*, 556 U.S. at 679. First, a court identifies the allegations that are not entitled to the presumption of truth, which includes any allegations that are "bare assertions," merely "formulaic recitation[s] of elements," or "conclusory." *Id.* at 679-681. Second, a court examines the remaining "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556) (quotations omitted). A complaint will not suffice if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Merely pleading the "bare elements of his cause of action" will result in dismissal. *Id.* at 686.

## III. ARGUMENT

### A. Bluebonnet's FAC Fails to Plead a Claim for Induced Infringement

To survive a motion to dismiss a claim of induced infringement, the complaint must: (1) adequately plead direct infringement, (2) contain facts plausibly showing that the accused infringer specifically intended for a third party to infringe the asserted patents, and (3) contain facts plausibly showing that the accused infringer knew that the third party's acts constituted infringement. *Achates Reference Publ., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143, at *10 (E.D. Tex. Jan. 10, 2013) (citing *Bill of Lading*, 681 F.3d at 1339). Bluebonnet's FAC fails to satisfy all three of these requirements.

First, Bluebonnet does not adequately plead direct infringement with respect to Samsung's customers. Although Bluebonnet states that the direct infringement is "the use of the accused smartphones by end-user customers" (D.E. No. 10 at ¶ 22), Bluebonnet states in the next paragraph that the asserted patents concern features of a smartphone: determining whether certain telephony features of a smartphone (e.g., call forwarding and call barring) are activated, airplane mode, and ringer silencer screening. *See* D.E. No. 10 at ¶ 23. It is well known that smartphones have numerous features and that the phone can be used without employing all of the features. Yet, Bluebonnet does not plead that any of the accused features of the accused smartphones have been used by Samsung's customers.

Second, Bluebonnet's sole allegation regarding inducement (D.E. No. 10 at ¶ 23) does not plausibly show specific intent on the part of Samsung to cause a third party to infringe. Although Bluebonnet states that Samsung provides instructions, such an allegation is not sufficient to support a claim of inducement to infringe. In *U.S. Ethernet*, this Court dismissed a claim for inducement, finding that "USEI's allegations that Yamaha 'supplies' infringing

systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement." *U.S. Ethernet* at p. 6; *see also Avocet Sport Tech., Inc. v. Garmin Int'l., Inc.*, No. C 11–04049, 2012 WL 2343163 (N.D. Cal. June 5, 2012) (granting motion to dismiss where patentee alleged facts showing it provided customers with instructions and training*)*.

Third, Bluebonnet's FAC contains no factual allegations from which it can be plausibly inferred that Samsung was or is aware that acts of Samsung's customers constituted or constitute infringement. The Supreme Court has held that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB SA*, 131 S.Ct. 2060, 2068 (2011). But there is no allegation in Bluebonnet's FAC that Samsung is aware that activities of its customers would infringe the asserted patents. According to Bluebonnet, the patents cover features of smartphones. Yet, there is no allegation that Samsung is even aware that any of the accused features have been used by customers, let alone that Samsung is aware that such use infringes the asserted patents. Having failed to sufficiently allege the necessary components for a claim of inducement of infringement, Bluebonnet's inducement claim should be dismissed.

B.  **Bluebonnet's FAC Fails to Plead a Claim for Contributory Infringement**

Contributory infringement requires the sale, or offer for sale, of "a component of a patented machine . . . , or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use . . . ." 35 U.S.C. § 271(c). Thus, to support a claim for contributory infringement, a patent owner must establish: "1) that

6

there is direct infringement, 2) that the accused infringer [defendant] had knowledge of the patent, 3) that the component [sold by the defendant] has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). Bluebonnet, however, fails to allege sufficient facts from which it can be reasonably inferred that any one of these elements of contributory infringement exist. *See Iqbal*, 556 U.S. at 678 (citations omitted).

Similar to its inducement claim, Bluebonnet alleges in its FAC that the alleged direct infringement in the context of its contributory infringement claim is "the use of the accused smartphones by end-user customers." *See* D.E. No. 10 at ¶ 22. And again, Bluebonnet alleges that the patents concern features of a smartphone —determining whether certain features of a smartphone are activated, airplane mode, and ringer silencer screening — but Bluebonnet never alleges that any of those features among the numerous features in a smartphone have been used by a customer. *See* D.E. No. 10 at ¶ 24.

Moreover, Bluebonnet's allegation that "[t]he accused features of the accused smartphones have no substantial use other than infringing the [asserted patents]" frames the analysis incorrectly and fails to provide necessary factual support. *See* D.E. No. 10 at ¶ 24. At the pleading stage, "a plaintiff must, among other things, plead facts that allow an inference that the components . . . have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337. "[T]he inquiry focuses on whether the accused products can be used for purposes other than infringement." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1338 (Fed. Cir. 2010). That a feature performs the feature itself is not support for an allegation that there are no substantial non-infringing uses for the component or product that is the subject of the contributory infringement claims. It is doubly ironic that one of the allegedly infringing features — determining whether

telephony features are activated — demonstrates that the smartphone possesses other features and that the numerous other features of a smartphone are non-infringing uses. *Id.* The question is not whether the feature has noninfringing uses but whether the component supplied by Samsung has noninfringing uses. Here, the accused component is the smartphone itself and Bluebonnet's allegation that Samsung provides instructions for using the accused features creates an inference that the smartphone would otherwise be used in a noninfringing manner. *See U.S. Ethernet* at p. 7 (dismissing a contributory infringement claim because "[plaintiff]'s allegation that customers infringe when they use operating systems and components in accordance with [defendant]'s *instructions* actually creates an inference that [the accused products] might otherwise be used in a non-infringing manner") (emphasis added).

Further, Bluebonnet makes no allegation concerning whether the component supplied by Samsung is a material part of the invention. Having failed to sufficiently allege the necessary components for a claim of contributory infringement, Bluebonnet's claim for contributory infringement of the asserted patents should be dismissed.

### C. Bluebonnet's Claim of Willful Infringement Should be Dismissed

To support a claim of willful infringement, a plaintiff must, at a minimum, establish two separate and independent elements: (1) objectively reckless behavior or circumstances, and (2) subjective knowledge or obviousness of the risk. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). A willful infringement claim must be based on "particular facts" that demonstrate the basis for that allegation. *InMotion Imagery Technologies v. Brain Damage Films*, 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012). "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id*.

Bluebonnet's willful infringement allegations fail to demonstrate the existence of either element of willfulness, and instead state only that, "[f]or the same reasons, Samsung EA and STA's infringement has been or will be willful." D.E. No. 10 at ¶ 26. Conclusory allegations of willful infringement do not suffice. *See, e.g., Touchscreen Gestures LLC v. RIM Ltd.*, No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *5 (E.D. Tex. Mar. 27, 2013) (finding "an allegation, absent any supporting facts, insufficient to establish a willful infringement claim"); *Oasis Research, LLC v. Adrive*, LLC, No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483, at *14–15 (E.D. Tex. May 23, 2011) (dismissing willful infringement claims despite allegations of pre-suit knowledge because willful infringement claims were "conclusory"); *U.S. Ethernet* at p. 8 ("USEI's allegation is devoid of any facts that create an inference of Yamaha's objected recklessness; it only makes the conclusory assertion that Yamaha had knowledge of the asserted patents and continued to infringe. Without more, USEI's allegation of willful infringement fails to provide adequate notice.")

In addition, "the absence of any allegation of pre-filing knowledge of the patents is fatal to [Bluebonnet's] willful infringement claims. *Touchscreen Gestures*, at *4. Bluebonnet's allegation that Samsung was "willfully blind" to the existence of the patents-in-suit is not sufficient. To state a claim for willful blindness, a plaintiff must plead facts from which it can be reasonably inferred that the defendant "(1) subjectively believed there was a high probability a particular fact existed or was true, and (2) took deliberate actions to avoid learning of that fact." *Global–Tech Appliances, Inc. v. SEB S.A.,* 131 S.Ct. 2060, 2070 (2011). Here, Bluebonnet fails to allege *any* facts showing that Samsung either believed, prior to the filing of the Complaint, there was a high probability that the patents-in-suit existed and/or took any affirmative steps to avoid learning of the patents. Furthermore, Bluebonnet makes no allegation that Samsung acted

9

despite an objectively high likelihood that its actions constituted infringement of a valid patent. *Id.*

Accordingly, Bluebonnet has failed to plead sufficient facts to state a claim for relief, and its willful infringement claim should therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court dismiss Bluebonnet's claims of indirect infringement and willful infringement for failure to state a claim upon which relief may be granted and strike Paragraphs 21 – 26 of the Complaint.

Respectfully submitted,

DATED: January 2, 2014  By:  s/ Nicholas A. Brown

Nicholas A. Brown
Greenberg Traurig, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Tel: (415) 655-1300
Fax: (415) 358-4948
brown@gtlaw.com

Joshua L. Raskin
NY Bar No. 2816783 (ED Tex. admission pending)
Julie P. Bookbinder
NY Bar No. 4375259 (admitted ED Tex.)
Greenberg Traurig, LLP
200 Park Avenue
New York, NY  10166
Tel:  (212) 801-9200
Fax:  (212) 801-6400
raskinj@gtlaw.com
bookbinderj@gtlaw.com

Mark G. Davis (Lead Attorney)
DC Bar No. 412228 (admitted ED Tex.)
Kakoli Caprihan
DC Bar No. 484152 (ED Tex. admission pending)
Greenberg Traurig, LLP

2101 L Street, N.W.
Suite 1000
Washington, DC 20037
Tel: (202) 331-3100
Fax: (202) 331-3101
davisma@gtlaw.com
caprihank@gtlaw.com

Annapoorni R. Sankaran
Texas State Bar No. 24071918
1000 Louisiana, Suite 1700
Houston, Texas 77002
Tel: (713) 374-3500
Fax: (713) 374-3505
sankarana@gtlaw.com

*Attorneys for Defendants Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC*

# CERTIFICATE OF SERVICE

   I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on January 2, 2014. Any other counsel of record will be served by electronic mail.

                /s/ *Nicholas A. Brown*
                Nicholas A. Brown